## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARICLAR V. OSORIO,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-1221-19-0120-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: January 22, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Linda W. Smith, North Las Vegas, Nevada, for the appellant.

Theodore M. Miller, Seattle, Washington, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      The appellant is employed as a nurse with the Veterans Health Administration, Clinical Practices Clinic Base in Las Vegas, Nevada. Initial Appeal File (IAF), Tab 9 at 10. On April 12, 2017, she filed a complaint with the Office of Special Counsel (OSC), alleging that the agency had retaliated against her for making whistleblowing disclosures and engaging in protected activity. IAF, Tab 3 at 47-51. In a letter dated September 10, 2018, OSC informed the appellant that it had made its final determination to close her complaint. IAF, Tab 13 at 17.

¶3      On November 27, 2018, the appellant filed an IRA appeal with the Board. IAF, Tab 1. After the agency moved to dismiss the appeal as untimely filed, IAF, Tab 10, the administrative judge gave the parties an opportunity to provide evidence and argument on the issue, IAF, Tab 12. The appellant responded that her late filing should be excused because OSC failed to notify her of her Board appeal rights and of the time limits for filing such an appeal, and OSC and her employing agency deceived and tricked her in various ways. IAF, Tabs 13, 15.

¶4      After considering the appellant's response, the administrative judge issued an initial decision dismissing the IRA appeal as untimely filed. IAF, Tab 17, Initial Decision (ID) at 2-6. He found that, because the time limit for filing an IRA appeal is triggered by notice from OSC that it has terminated its investigation, and the record reflects that OSC had sent her this notice on September 10, 2018, the appellant had submitted the appeal 13 days late. ID at 3. He noted that, in its May 1, 2017[2] letter acknowledging receipt of her complaint, OSC informed her of her right to seek corrective action with the Board and referred her to the applicable Board regulations. *Id.* He stated that OSC is not required to give the appellant notice of her appeal rights to the Board in order to trigger the 60-day time limit for filing an IRA appeal and that the Board has no

_____

[2] In the initial decision, the administrative judge referred to OSC's letter as its May 17, 2017 letter, which appears to be a typographical error. ID at 3; IAF, Tab 3 at 14.

authority to waive the statutory time limit for good cause shown. *Id.* He also determined that the appellant did not establish that the doctrine of equitable tolling should be applied in this case. ID at 4-6. As a result, he dismissed the appeal. ID at 6.

¶5 The appellant filed a petition for review, providing a copy of OSC Form 53 in which she circled the statement, "[i]f OSC makes a final determination to close [a complainant's] file, [she] will . . . be advised of any additional rights [she] may have," and an email, dated March 13, 2019, in which she requested that the Chief of OSC's San Francisco Bay Area Field Office provide clarification regarding this statement on OSC Form 53. Petition for Review (PFR) File, Tab 1 at 6-8. The appellant also filed a supplemental pleading, providing an email, dated March 13, 2019, in which the Chief of the field office apologized for not sending a "rights letter" and stated that her "rights to appeal" begin to run as of that day, and a close-out letter, dated March 13, 2019, in which he informed her of her right to seek corrective action from the Board through an IRA appeal within 65 days after the date of its letter. PFR File, Tab 2 at 6-8.

¶6 The agency filed a response to the appellant's petition for review, arguing, among other things, that OSC's position is not supported by existing law, i.e., it is contrary to the plain language of 5 U.S.C. § 1214(a)(3)(A), and that the appellant provided no explanation as to why this new evidence could not have been obtained during the proceedings below. PFR File, Tab 4 at 5-6. The appellant filed a reply to the agency's response, providing an email, dated March 15, 2019, in which the Chief of the field office stated that he would reopen the appellant's complaint and provide her notice of her appeal rights, and a revised close-out letter, dated March 18, 2019, in which he informed her that her case, which he reopened on March 15, 2019, was closed and that she had the right to seek corrective action from the Board through an IRA appeal within 65 days after the date of its letter. PFR File, Tab 5 at 6, 9-10.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶7        Under 5 U.S.C. § 1214(a)(3)(A), an appellant may file an IRA appeal with the Board once OSC closes its investigation into her complaint and no more than 60 days have elapsed since notification of the closure was provided to her.  *Kalus v. Department of Homeland Security*, 123 M.S.P.R. 226, ¶ 7 (2016).  Under the Board's regulations implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt.  *Id.*; *see* 5 C.F.R. § 1209.5(a)(1).  The appellant bears the burden of proving by preponderant evidence that she timely filed her appeal.  *Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 8, *aff'd per curiam*, 404 F. App'x. 466 (Fed. Cir. 2010); 5 C.F.R. § 1201.56(b)(2)(i)(B).

¶8        In finding that the appellant's IRA appeal was untimely filed, the administrative judge observed that the statutory deadline began to run from the date of OSC's September 10, 2018 close-out letter.  ID at 3.  The administrative judge relied on *Bauer v. Department of the Army*, 88 M.S.P.R. 352, ¶ 7 (2001), for the proposition that there is no requirement in 5 U.S.C. § 1214(a)(3)(A) that OSC provide the appellant with notice of appeal rights to the Board to trigger the statutory time limit for filing such an appeal.  *Id.*  After the initial decision was issued, however, the appellant submitted subsequent correspondence from OSC indicating that it had reopened her case for the limited purpose of providing her with notice of her appeal rights.  PFR File, Tab 5 at 6, 9-10.  We have considered this new evidence[3] because it contains information material to the outcome of the timeliness issue.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new

---

[3] Most of the documents the appellant submits on review relate to her underlying whistleblowing disclosures.  PFR File, Tab 1 at 13-73.  Because these documents are included in the record below, we need not consider them.  IAF, Tab 16 at 4-64; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new).

evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶9        The Board has held, under similar circumstances, that OSC's reopening of an appellant's case after it already had issued a close-out letter in the matter creates a new statutory filing period, providing the appellant the right to file an IRA appeal either within 65 days after OSC issued its new close-out letter or, in the absence of a final OSC determination, at any time following 120 days from having sought further corrective action. *Kalus*, 123 M.S.P.R. 226, ¶ 9 (citing *Morrison v. Department of the Army*, 77 M.S.P.R. 655, 659-62 (1998)). Here, OSC reopened the appellant's IRA appeal after she contacted OSC regarding the lack of appeal rights in the close-out letter. PFR File, Tab 1 at 7, Tab 5 at 9-10. Her request alone would not have affected her deadline to file her IRA appeal with the Board; rather, it was OSC's decision to reopen her case that restarted the statutory filing period. *Kalus*, 123 M.S.P.R. 226, ¶ 10; *see Hawker v. Department of Veterans Affairs*, 123 M.S.P.R. 62, ¶ 7 (2015) (explaining that OSC's decision to reopen the appellant's case deprives its initial close-out determination of the requisite finality needed before an appellant can file an IRA appeal with the Board pursuant to 5 U.S.C. § 1214(a)(3)(A)). The Board will accept OSC's decision to reopen at face value, absent egregious circumstances evidencing abuse of process, which are not present here. *Kalus*, 123 M.S.P.R. 226, ¶ 10.

¶10       Because more than 65 days has passed since OSC reopened her case and issued its new close-out letter, the appellant's appeal is now ripe for adjudication. *See Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 9 (2010).

¶11      For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                   _____

*Jennifer Everling*

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.